UNITED STATES of America, Plaintiff–Appellee,

v.

Roberto CERVANTES–NAVA, also known as Robert Nava Cervantes, also known as Roberto Cervantes–Nova, Defendant–Appellant.

United States of America, Plaintiff–Appellee,

v.

Roberto Cervantes–Nava, Defendant–Appellant.

Nos. 03–50285, 03–50289. Conference Calendar

United States Court of Appeals, Fifth Circuit.

Oct. 22, 2003.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Lucien B. Campbell, Federal Public Defender, Donna F. Coltharp, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Roberto Cervantes–Nava appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Cervantes com-

---

**18**

plains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b) based on a prior conviction. He argues that the sentencing provision is unconstitutional. Cervantes thus contends that his sentence should not exceed the two-year maximum terms of imprisonment and supervised release prescribed in 8 U.S.C. § 1326(a).

In *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Cervantes acknowledges that his argument is foreclosed by *Almendarez–Torres*, but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be